CITY OF BOSTON *vs.* MASSACHUSETTS PORT AUTHORITY. February 3, 1970. The city seeks (by this suit in equity reported without decision on the pleadings and agreed facts) declaratory relief concerning the Authority's eminent domain taking of a portion (the locus) of Neptune Road, East Boston, surrounded on three sides by Authority land. See the map in *Loschi* v. *Massachusetts Port Authy.* 354 Mass. 53, cert. den. 393 U. S. 854. The taking became necessary only when it was discovered, in late 1968 or early 1969, that the city owned the fee in the locus. We hold, (1) that under principles set out in the *Loschi* case, 354 Mass. 53, 57-59, the Authority's 1967 agreement with the Federal Aviation Agency was made with the expectation that the locus was or would become airport property to be used "for . . . protecting . . . aerial approaches to runways . . . [and] meeting runway clear zone require-

ments" within the meaning of St. 1964, c. 383, § 2, and that it was properly taken for such purposes; (2) that the statement of purposes in the taking order permissibly referred not only to the language of St. 1964, c. 383, § 2, but also to the Authority's general powers of eminent domain (St. 1956, c. 465, §§ 3 [k] and 4); and (3) that there was, in exercising those general taking powers, no invalid diversion of public land close to the airport from one public use to another. Statute 1966, c. 733 (see St. 1964, c. 383, § 2), and the legislative history and sequels of these and prior statutes amply show specific "legislative awareness" of the proposed airport use of the locus. See *Robbins* v. *Department of Pub. Works*, 355 Mass. 328, 331; 1966 House Doc. No. 4082. The past public use of the locus for access to Wood Island Park was inevitably destroyed by the runway extension project. In the Superior Court a decree is to be entered declaring that the Authority's taking of the locus by its order of February 12, 1969, was valid and gave the Authority an unrestricted fee title to the locus.

*So ordered.*

*Herbert P. Gleason*, Corporation Counsel (*Colin S. Diver* with him), for the plaintiff.

*Donald R. Grant* for the defendant.